UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Martha Ward, | ) | C/A No. 3:03-3239-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER APPROVING MODIFIED** |
| v. | ) | **CLASS ACTION NOTICE** |
| | ) | |
| Dixie National Life Insurance Company and National Foundation Life Insurance Company, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the plaintiff's proposed notice of a class action. This court certified a class action by its order dated May 5, 2005. In that order, the court directed the plaintiff to file a proposed class notice within 15 days. The defendants were allowed 15 days within which to file objections to the plaintiff's proposed class action notice. The court has reviewed the plaintiff's proposed class action notice, along with the defendants' objections, and modified the proposed class action notice for the following reasons.

I. CLASS DEFINITION

Rather than using the class definition which was certified, the plaintiff's proposed notice included the plaintiff's preferred definition of the class, which was altered in the court's certification order. Both defendants objected. Defendant Dixie National Life Insurance Company ("Dixie") requested that the notice include the definition certified by the court.

1

Defendant National Foundation Life Insurance Company ("National") requested that the notice define the class in a manner that is more favorable to the defendants. The court finds that the class action notice shall include only the definition certified by the court. The court has modified the proposed class action notice accordingly.

II. DIXIE'S OBJECTIONS

Dixie argues that the notice is insufficient because it does not include information about Dixie's defenses. Specifically, Dixie asserts that the notice fails to address the fact that National assumed the Dixie policies issued in South Carolina. According to Dixie, this omission may mislead class members about the nature of the action. The court agrees and has included this information in the approved class notice.

Dixie next argues that the notice fails to comply with the requirement that the notice inform potential class members that they may appear through their own counsel. The court agrees and has modified the proposed class notice to clarify this information.

Dixie next asserts that if the proposed class members chose to opt out of the class, the exclusion should be sent to the court with copies to counsel for all parties, rather than to plaintiff's counsel. The court disagrees and overrules this objection. Requests for exclusion from the class action shall be sent to plaintiff's counsel.

Dixie also objects to the proposed notice because it does not specify the manner in which plaintiff intends to serve the notice. According to the plaintiff, the defendant National is the only party in possession of the names and addresses of the potential class members. Therefore, the court orders National to provide plaintiff's counsel with this information

forthwith. Plaintiff's counsel shall then reproduce and mail the approved class notice, which is attached to this order, to all potential members of the class.

Dixie objects to the proposed notice because it does not contain a form of exclusion. Dixie argues that the notice should include a simple form to be executed and returned if the proposed class member chooses to opt out of the class. The court finds that the proposed class notice sufficiently informs potential class members how to opt out of the class if they so choose. The court finds that an exclusion form is not necessary. Dixie's objection is overruled.

Dixie also objects to the fact that the plaintiff's proposed notice leaves the deadline for filing exclusions blank. When the plaintiff sends out the class action notice, the potential class members shall have two months within which to file exclusions. Before sending out the notice, the plaintiff's counsel shall fill in a date exactly two months after the date of mailing.

III. NATIONAL'S OBJECTIONS

National argues that the plaintiff's proposed notice misstates the applicable class period. According to National the class period should be calculated based on the date of the plaintiff's Amended Complaint containing class allegations, rather than the original complaint which did not contain class allegations. The court finds that this issue would be more properly addressed at a later stage of litigation in a motion for summary judgment after full briefing, rather than in a cursory fashion with no briefing. Therefore, the defendant's objection is overruled.

National next argues that the terms of the proposed class action notice are not neutral and objective. National first points to the class definition. The court has addressed the class

definition in Section I of this order in a manner that should satisfy National's concerns. National also proposes that a sentence be added to the proposed notice to more fully explain National's defense. The court agrees. The modified class notice contains the requested language.

On July 1, 2005, National supplemented its objections by requesting a paragraph be added to the notice to inform each proposed class member that, if he or she chooses not to opt out of the class, his or her personal health information will be disclosed to third parties in the course of the litigation. The paragraph was proposed in order to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The court agrees with National and has added the proposed paragraph with some slight modifications.

IV. CONCLUSION

The plaintiff's proposed class notice has been modified by the court to reflect the court's rulings on the defendants' objections. Accordingly, the notice attached to this order is hereby approved. Defendant National shall forthwith provide plaintiff's counsel with the names and addresses of all potential class members. Plaintiff's counsel shall make arrangements to reproduce and mail the notice to all class members. Plaintiff's counsel shall allow two months for class members to opt out of the class action by sending their requests for exclusion to plaintiff's counsel.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

July 5, 2005

Columbia, South Carolina