UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Martha Ward, | ) | C/A No. 3:03-3239-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON DAMAGES** |
| | ) | |
| Dixie National Life Insurance Company | ) | |
| and National Foundation Life Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 12, 2008, this court entered an order in this case granting summary judgment to plaintiff Martha Ward and the class of similarly situated plaintiffs as to their claims for breach of contract. *See* [dkt. # 374]. In support of her motion for summary judgment, plaintiff presented a large spreadsheet setting forth the amounts of claimed damages for each plaintiff as to the class breach of contract claim. *See* [dkt. # 341, exhibits 16-18]. In the order granting summary judgment, the court instructed plaintiff to file a revised damages spreadsheet using a judgment date of December 15, 2008 for the purposes of computing prejudgment interest. The court instructed that after plaintiff filed her revised damages spreadsheet, defendants Dixie National Life Insurance Company and National Foundation Life Insurance Company would have a period of ten (10) days to notify the court of and list any specific objections to plaintiff's calculation method or the potential judgment. To ensure that no judgment in this case would be entered without defendants having been

1

afforded a full opportunity to be heard, the court instructed that if necessary, the court would schedule a damages hearing to determine if there was any genuine dispute of material fact regarding the damages computation.

Plaintiff filed her amended damages spreadsheet [dkt. # 377], defendants thereafter filed objections [dkt. # 389], and plaintiff filed a reply [dkt. # 390].  The court held a damages hearing on December 8, 2008, and this order memorializes the rulings made during that hearing.

I.     Insufficient Evidence/Hearsay

In their objections to plaintiff's revised damages spreadsheet, defendants raise again their earlier argument that the spreadsheet contains multiple levels of inadmissible hearsay.

The flaw with this argument is procedural.  The court ruled on this issue in denying defendants' motion for summary judgment and in granting plaintiff's motion for summary judgment.  *See* [dkt. # 374].  No party filed a motion for the court to reconsider that order, so the argument is not properly before the court at this time.  Indeed, the court questions whether the argument was ever properly before the court when considering the parties' cross-requests for summary judgment because the instructions this court received from the Fourth Circuit were not equivocal.  In its opinion in this case, the Fourth Circuit held:

> Accordingly, we vacate the district court's grant of summary judgment to National and remand with instructions that the district court enter summary judgment in favor of Ward on her breach of contract claims.

*Ward v. Dixie Nat'l Life Ins. Co.*, 257 Fed.Appx. 620, 627 (2007).  But whether the argument

was properly before the court earlier is not determinative, because given that the issue was addressed by this court in an order from which rehearing has not been requested, it is not properly before the court now.

Were the court to look at the objection on the merits, however, the defendants' argument would fair no better. Defendants in large part base their objections to the contents of plaintiff's damages spreadsheet on the argument that the data contained in the spreadsheet is inadmissible hearsay. A review of the data at issue is instructive. Defendants produced a vast amount of data containing claims information for the class members in this case, and Defendants do not suggest, or at least the court does not interpret defendants as suggesting, that plaintiff has incorrectly transferred the claims data from defendants' discovery responses to the damages spreadsheet. Instead, defendants focus on the fact that their discovery responses were drawn from explanation of benefits forms that were given first to plaintiff and the class members by their primary insurance providers and then supplied to defendants by plaintiff and the class members. Defendants contend that these explanation of benefits forms contain inadmissible hearsay, and the gist of this objection is that although the explanation of benefits forms report several numbers associated with the cost of medical services including the amounts actually paid to a medical services provider by a patient's primary insurer, those forms are not developed for the purpose of tracking the higher "fictional cost" of medical services, nor are they developed by persons having a duty to accurately report that cost.

3

In the court's view, this objection misses the mark when viewed in the context of this case. Plaintiff brought this claim after defendants, the issuers of her supplemental insurance policy, changed the way they paid her benefits. Defendants once paid plaintiff benefits in amounts corresponding to the higher cost of medical services appearing on the explanation of benefits forms, but when defendants began paying plaintiff the lower amount listed on the forms - the amount the medical service provider was required to accept as payment in full - plaintiff filed this suit. The evidence before this court is that defendants relied on those forms in cataloguing their payment of benefits, and at its core, this case is a dispute about the meaning of an insurance policy whose ambiguity appeared when holders of these policies were presented with explanation of benefits forms listing two different costs for medical services. Because the argument is not properly before the court, however, this discussion is only academic.

II.     <u>Novation</u>

Defendants also object to defendant Dixie National's liability in this case on the basis that Dixie received a novation from plaintiff and some or all of the class members. More specifically, the argument goes that plaintiff and some or all of the class members, by their conduct, released Dixie from its obligation under these policies when Dixie assigned the policies to defendant National Foundation Life Insurance Company.

The court finds that this argument is also not properly raised at this time. A review of the procedural history in this case makes the point. This court previously entered a grant

4

of summary judgment to defendants, *see* [dkt. # 256], construing the insurance policies at issue in a manner that differs from the interpretation offered by plaintiff in this case. Plaintiff appealed to the Fourth Circuit and was successful in that appeal. In its original opinion, the Fourth Circuit held that this court had incorrectly granted summary judgment to defendants. *Ward v. Dixie Nat'l Life Ins. Co.*, Nos. 06-2022, 06-2054 (4th Cir. filed Oct. 7, 2007). The Fourth Circuit therefore remanded the case to this court, presumably for an eventual trial. Plaintiff petitioned the Fourth Circuit for rehearing, and on rehearing argued that summary judgment should be granted in favor of her and the class. The Fourth Circuit agreed and instructed that on remand, this court was to grant summary judgment to plaintiff and the class. *Ward*, 257 Fed.Appx. at 627.

The time for defendants to raise the argument that genuine issues of material fact preclude a grant of summary judgment as to Dixie's liability in this case was in their merits brief on rehearing in the Fourth Circuit or in a petition for rehearing from the Fourth Circuit's second opinion in this matter. The court also notes that other than a passing reference to this argument in the hearing on cross-motions for summary judgment, this is the first time this argument has been presented on remand and the first time it has appeared in any of defendants' post-remand pleadings.

III.     Other Objections

In their objections to plaintiff's revised damages spreadsheet, defendants noted that there was an interest calculation error as to one line item in plaintiff's spreadsheet and that

the spreadsheet included damages for an individual who had opted out of the class. Defendants additionally contended that plaintiff had not properly presented a claim for prejudgment interest as to one category of class members. Plaintiff's reply stipulated that the spreadsheet contained the interest calculation error and incorrectly contained damages for a member who had opted out of the class, and at the damages hearing, Defendants withdrew the pleading objection as to prejudgment interest.

IV.    Conclusion

The court accordingly notes the objections made by defendants to plaintiff's revised damages spreadsheet which the parties appear to have resolved and holds that the remaining objections are not properly before the court at this time. The court thus holds that there is no genuine dispute of material fact regarding the damages computation in this case. The damage award for the plaintiff and the class for their breach of contract is $7,828,071.40.[1] This is the amount which the court intends to enter as a judgment on December 15, 2008.[2]


          IT IS SO ORDERED.



December 12, 2008                         Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge
_____

          [1] The final order entered by the court will include a breakdown of the damages award among all plaintiffs in this action.

          [2] The court selected December 15 as the date for calculation of the damages award because there was a need for a day certain in order to calculate the prejudgment interest award, and the parties needed a reasonable period of time within which to make the necessary calculation.