IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Martha Ward, on behalf of herself and all others similarly situated, | ) ) ) | C/A NO.: 3:03-3239-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER OF DISTRIBUTION** |
| Dixie National Life Insurance Company and National Foundation Life Insurance Company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court at the Plaintiffs' request to distribute unclaimed funds stemming from this court's order in favor of the Plaintiff class. Based upon the analysis below, the Court finds it necessary to distribute all unclaimed funds pursuant to *cy pres* principles to the Hollings Cancer Center of the Medical University of South Carolina.

Plaintiffs' counsel reports that, of the over 180 class claimants associated with this litigation, all but three have received the monies to which they were entitled as a result of this Court's judgment. The total amount of unclaimed benefits is $6,814.01. Two of the remaining claimants have expressed their desire that the monies to which they are entitled should be directed to a cancer-related charity. As to the remaining claimant, Plaintiffs' counsel has produced ample evidence of actual contact with the claimant. Nevertheless, the claimant has not sought the funds to which it is entitled despite being warned that a failure to retrieve such funds may result in their distribution to a cancer-related charity.

Our federal judiciary recognizes the appropriateness of *cy pres* distribution of unclaimed class action funds.

> In the class action context, it may be appropriate for a court to use *cy pres* principles to distribute unclaimed funds. In such a case, the unclaimed funds should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated.

In re Airline Ticket Comm'n Antitrust Litig., 307 F.3d 679, 682 (8th Cir. 2002). In this matter, the Court finds that Plaintiffs' counsel has undertaken sufficient efforts to advise all class members of their entitlement to judgment proceeds. One has taken no action to claim such proceeds despite repeated contact. Two have advised that they wish such proceeds to be donated to charity. Based upon these facts, the Court finds a *cy pres* distribution to be appropriate.

The Court further finds that the Hollings Cancer Center of the Medical University of South Carolina to be an appropriate recipient of the *cy pres* distribution. The Hollings Cancer Center is a leading research and treatment facility for cancer patients in the State of South Carolina. All of the class members in this case suffered from this disease and, sadly, many have passed away since the inception of this lawsuit. The objective underlying the lawsuit was to secure disputed supplemental benefits owed to these class members under a cancer insurance policy. It is this Court's belief that the *cy pres* distribution to the Hollings Cancer Center will help further the fight against cancer and will thus serve "a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." Id.

The Court orders Plaintiffs' counsel to distribute all funds remaining in trust on behalf of the class to the Hollings Cancer Center of the Medical University of South Carolina within thirty days and shall further provide the Court written notice of such distribution when completed.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

March 9, 2011                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

3